(C.D. 2467)

MULLINS INDUSTRIAL DIAMOND CORP.

EASTERN DIAMOND PRODUCTS, INC.

ENGELHARD HANOVIA, INC.

v.

UNITED STATES (J. E. BERNARD & Co., INC., AND ENGELHARD HANOVIA, INC., PARTIES IN INTEREST)

United States Customs Court, Third Division

(Dated June 25, 1964)

*Busby and Rivkin* (*Saul L. Sherman* and *David Busby* of counsel) for the plaintiffs.

*Andrew P. Vance*, Chief, Customs Section (*Glenn E. Harris* and *Arthur H. Steinberg*, trial attorneys), for the defendant.

Parties in Interest not represented by counsel.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: These cases are before us on defendant's motions to dismiss the protests. Defendant has filed identical briefs in support of its motions to dismiss protests 63/15538 and 63/15539. In support of its motion to dismiss protest 63/15540, defendant has filed a brief which, in addition to the same arguments advanced as to the first two protests, adds further argument which is particular to the motion to dismiss protest 63/15540.

Plaintiff, in opposition to the three motions to dismiss, has filed a single brief, in which are included arguments in opposition to all of defendant's contentions.

For convenience, therefore, we write a single opinion as to all three motions. We take up first the issues common to all three protests, and thereafter the issue that is relevant only to protest 63/15540.

Some of the arguments advanced by the parties here were before us in *Diamond Tool Research Co., Inc., et al.* v. *United States* (*Christensen Diamond Products, Party in Interest*), 52 Cust. Ct. 152, C.D. 2453. The protests under attack are, however, somewhat different in these cases than were the protests to which defendant's motions were addressed in *Diamond Tool Research, supra*. Inasmuch as the allegations of the protest are accepted as true for purposes of the motion to dismiss, it is necessary to consider the sufficiency of the protest allegations.

The three protests before us are addressed to the collector of customs at Chicago and are couched in identical language as follows:

This is a protest pursuant to section 516(b) of the Tariff Act of 1930, as amended. You notified us in your letter of August 14, 1963, as follows:

Pursuant to instructions of the Bureau of Customs, Washington, D.C., dated July 26, 1963, File TC 446.1C, you are informed that an importation of synthetic diamond dust has been made at the Port of Chicago.

The entry number covering this importation is C–4448, dated 8–13–63, which was formally liquidated 8–14–63. The merchandise is described on the invoice as synthetic diamond dust (SYN–RD) and has been entered as synthetic mineral substances other, nspf, not decorated synthetic diamond dust, carrying the tariff classification of earthy or mineral substances, wholly or partly manufactured, other substances, articles and wares, n.e.s., with a rate of duty of 15% ad valorem described in Schedule 2, Reporting No. 0214 5500, July 1, 1963 edition of the U.S. Import Duties Annotated.

We believe that your decision, liquidation and assessment of duties is improper. We believe that the proper classification under the Tariff Act of 1930, as amended, is as follows:

| Tariff Paragraph Classification | Rate of Duty |
| --- | --- |
| 1668 | Free |
| or alternatively, 1672 | Free |
| or by similitude, 1514 | ½¢ per pound |

We further claim that the assessment of duties made herein is illegal and void.

The above claims severally and collectively are alternatively made under the paragraphs or sections cited, both directly and by virtue of the similitude clause of paragraph 1559 of the Tariff Act of 1930, as amended, and under the rules relating to the ordinary meaning of words, the commercial designation of the merchandise, or the chief or principal use thereof.

The particular entry, to which each protest is directed, is then described by entry number, date of entry, and date of liquidation.

Defendant's grounds for dismissal which are common to all three protests are as follows:

First, because the protest fails to allege that plaintiff is an *American* manufacturer, producer, or wholesaler of merchandise of the class or kind imported by the ultimate consignee.

Second, because plaintiff is not an American manufacturer, producer, or wholesaler, within the meaning of those terms as used in section 516(b).

Third, because the court lacks jurisdiction to hear a section 516(b) that protest and the ultimate consignee of the imported merchandise, as being entitled to free entry or to a rate lower than the rate that was assessed.

The fourth ground, urged only for dismissal of protest 63/15540, is that there is no justiciable cause before the court, in that plaintiff in that protest and the ultimate consignee of the imported merchandise, subject of the protest, are one and the same.

The most observable difference between the protests here and those in the *Diamond Tool Research* cases, is that plaintiffs here have not alleged in their protests that the merchandise, the tariff classification of which is protested, is of a class or kind manufactured, produced, or sold at wholesale by the plaintiffs. There is, to be sure, an allegation that the protests are filed under section 516(b); and the reply of the collector, part of the prescribed procedure antecedent to the filing of a section 516(b) protest, is recited in full.

For the reasons set forth in our opinion in *Diamond Tool Research, supra*, and because these protests adequately identify the plaintiffs in protests 63/15538 and 63/15539 as complainants on whom section 516(b) confers the right of protest which those plaintiffs exercised, the motions to dismiss protests 63/15538 and 63/15539 are denied.

It remains for us to consider defendant's contention that, in protest 63/15540, there is no justiciable cause, due to the circumstance that plaintiff and the party in interest (importer) are one and the same.

The doctrine on which defendant relies was stated by our appeals court in *Fletcher* v. *United States*, 25 CCPA 195, T.D. 49294:

> In the Tariff Act of 1922, as a means of protecting American manufacturers, producers, or wholesalers, Congress provided that they should have the right to protest the assessment by the collector of a rate of duty which was believed to be erroneous. This, of course, included a rate which was regarded as being too low. Definite provisions in section 516 were made to that effect. In the Tariff Act of 1930, substantially the same provision as far as is material here was reenacted. In 1934 Congress expressly withdrew the right of the so-called American producer to protest in event of a rate having been fixed by virtue of the so-called Reciprocal Trade Agreement Act. Obviously by its express amendment of the 1930 act it did not intend that the producer could do indirectly what it denied him the right to do directly. If a producer, such as the appellant, could make an importation and accomplish the same purpose by protesting the rate fixed under the amended Tariff Act of 1930, the amendment to the act would amount to a nullity.
>
> It is reasonable to conclude from all the facts heretofore cited that Congress at no time since the enactment of the tariff act of 1913 intended that an *importer* might protest a rate of duty as being too low, and certainly its amendment of the Tariff Act of 1930 in the manner above stated would not suggest that it contemplated that a right existed in an American producer to import goods and then challenge the correctness of a lower rate of duty than that which is claimed to be proper. [P. 200.] [Italics quoted.]

The protest in *Fletcher* was not a section 516 protest. It was a section 514 protest, filed by the importer; but the right to protest dissatisfaction with a duty on imported goods as being too low was claimed on the ground, *inter alia*, that he might have protested the same liquidation under section 516 (he asserted) as an American manufacturer "dissatisfied" with the low duty rate assessed on his own imported merchandise.

This brings us to plaintiff's argument, as to protest 63/15540, that section 516 gives a right of protest to an American manufacturer who is "dissatisfied," even when his dissatisfaction arises from a liquidation which he himself might protest, i.e., liquidation, of his own entered merchandise, at a duty rate claimed to be too high.

We do not read section 516 as giving to the importer of merchandise a double remedy, a second cause of action by way of protest against liquidation of his own entry. It is a remedy special to American manufacturers (producers, wholesalers) as to a liquidation with re-

spect to which, save for section 516, they would have no recourse. That is not the situation here, in protest 63/15540.

The motion to dismiss protest 63/15540 is granted.

The motions to dismiss protest 63/15538 and protest 63/15539 are denied. Place those two protests on the October 1964 calendar of the third division, in New York, for trial.

So ordered.